UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

CITIBANK, N.A.,                            :
701 E. 60th Street North,              :
Sioux Falls, SD 57104,               :
                                         :
          Plaintiff,             :            **COMPLAINT**
                                         :
     v.                                :
                                       :
GREGORY V. NOVAK and TRACY W. DRUCE, :
                                       :
          Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Citibank, N.A. ("Citibank"), by its attorneys, Sidley Austin LLP, as and for its complaint against Defendants Gregory Novak ("Novak") and Tracy Druce ("Druce," and together with Novak, "Guarantors"), alleges as follows:

## NATURE OF THE ACTION

1.     This breach of contract action arises out of Novak's and Druce's failure to honor their joint and several contractual obligation to satisfy the outstanding balance of a loan made by Citibank to their law firm, Novak Druce Connelly Bove + Quigg, LLP ("Borrower"). In 2013, Citibank made a loan in the initial principal amount of $10,000,000 to Borrower (the "Loan"). Citibank's extension of financing to Borrower was expressly conditioned on, among other things, Novak's and Druce's execution of guaranties pursuant to which each unconditionally guaranteed repayment of the Loan. Now, having liquidated Borrower and joined a new law firm, Novak and Druce are refusing to honor their clear and unequivocal contractual obligation to pay the balance of the Loan owed to Citibank, which currently stands at $3.2 million plus interest and any sums due in connection with outstanding letters of credit.

ACTIVE 223664662v.3

## THE PARTIES

2.      Plaintiff Citibank is a national banking association.  As set forth in its articles of association, Citibank has its main office at 701 E. 60th Street North, Sioux Falls, SD 57104, and is therefore a citizen of South Dakota.

3.      Defendant Novak is, upon information and belief, a citizen of the Commonwealth of Virginia.

4.      Defendant Druce is, upon information and belief, a citizen of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) and because Guarantors expressly agreed to litigate this action in this Court.

## BACKGROUND

## THE LOAN

7.      On or about January 1, 2013, Citibank and Borrower entered into the Amended and Restated Secured Loan Agreement (the "Loan Agreement"), pursuant to which Borrower obtained a loan from Citibank in the initial principal amount of $10,000,000, *i.e.,* the Loan. Novak and Druce executed the Loan Agreement on behalf of Borrower in their capacity as Managing Partner/CEO and Member of the Executive Committee, respectively.  A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and incorporated herein by this reference.

ACTIVE 223664662v.3

8.      Simultaneous with the execution of the Loan Agreement, Borrower also executed the Amended and Restated Promissory Note (Demand Line of Credit) dated January 1, 2013, evidencing the Loan (the "Note").   Novak and Druce executed the Note in their capacities as Managing Partner and Executive Partner, respectively.   A true and correct copy of the Note is attached hereto as Exhibit B and is incorporated herein by this reference.

## THE GUARANTIES

9.      On or about January 1, 2013, Novak executed the Continuing Guaranty (Legacy NDQ Class B Equity (Named) Partners) (the "Novak Guaranty"), pursuant to which Novak agreed to guaranty, among other things, "the punctual payment when due, whether at the stated maturity, by acceleration or otherwise" to Citibank of all of Borrower's obligations under the Loan Agreement and the Note "with interest thereon and any and all expenses which may be incurred by [Citibank] in collecting" the amounts owed under the Loan Agreement and the Note. Novak also agreed to "pay reasonable attorneys' fees and all other costs and expenses, which may be incurred by [Citibank] in the enforcement of [the Novak Guaranty]."   Novak's obligations under the Novak Guaranty are "joint and several with all other guarantors" of Borrower's obligations under the Loan Agreement and the Note, including Druce's obligations under the Druce Guaranty (defined below).   A true and correct copy of the Novak Guaranty is attached hereto as Exhibit C and incorporated herein by this reference.

10.      On or about January 1, 2013, Druce executed the Continuing Guaranty (Legacy NDQ Class B Equity (Named) Partners) (the "Druce Guaranty," and together with the Novak Guaranty, the "Guaranties"), pursuant to which Druce agreed to guaranty, among other things, "the punctual payment when due, whether at the stated maturity, by acceleration or otherwise" to Citibank of all of Borrower's obligations under the Loan Agreement and the Note "with interest

ACTIVE 223664662v.3

thereon and any and all expenses which may be incurred by [Citibank] in collecting" the amounts owed under the Loan Agreement and the Note.  Druce also agreed to "pay reasonable attorneys' fees and all other costs and expenses, which may be incurred by [Citibank] in the enforcement of [the Druce Guaranty]."  Druce's obligations under the Druce Guaranty are "joint and several with all other guarantors" of Borrower's obligations under the Loan Agreement and the Note, including Novak's obligations under the Novak Guaranty.  A true and correct copy of the Druce Guaranty is attached hereto as Exhibit D and incorporated herein by this reference. The Loan Agreement, the Note, the Guaranties, and all modifications, amendments, restatements, and extensions thereof, and all loan, collateral, security, forbearance, and other documents, agreements, and amendments executed in connection therewith, referred to or incorporated therein, or ancillary thereto, are referred to herein collectively as the "Loan Documents."

## THE AMENDMENT AND THE FORBEARANCE AGREEMENTS

11.     On or about May 19, 2014, Citibank and Borrower entered into the First Amendment to Amended and Restated Secured Loan Agreement (the "Amendment").  The parties entered into the Amendment to address Borrower's breaches of Sections 6.1 and 6.4 of the Loan Agreement.  Novak and Druce executed the Loan Agreement on behalf of Borrower in their capacity as Managing Partner/CEO and Member of the Executive Committee, respectively. A true and correct copy of the Amendment is attached hereto as Exhibit E and incorporated herein by this reference.

12.     In connection with the execution of the Amendment, Guarantors each signed a Reaffirmation of Continuing Guaranty (Legacy NDQ Class B Equity Partners) (the "Amendment Reaffirmations").  Under the Amendment Reaffirmations, the Guarantors each acknowledged

- 4 -

and consented to the Amendment and acknowledged that his respective Guaranty remained in full force and effect. True and correct copies of the Amendment Reaffirmations are attached hereto as Exhibit F and incorporated herein by this reference.

13. On or about March 31, 2015, Citibank, Borrower, and Guarantors entered into that certain Forbearance Agreement (the "Forbearance Agreement"). Pursuant to the terms of the Forbearance Agreement, Borrower acknowledged certain defaults and reaffirmed its obligations under the Loan Agreement, the Note, and other Loan Documents. Each Guarantor also reaffirmed "his obligations under the Guaranty executed by him." Citibank agreed to forbear from exercising its right to demand immediate repayment of the sums due under the Loan Agreement and the Note until June 30, 2015. Novak and Druce executed the Forbearance Agreement on behalf of Borrower in their capacity as Managing Partner/CEO and Member of the Executive Committee, respectively. A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit G and incorporated herein by this reference. Citibank and Borrower subsequently extended the forbearance period to July 31, 2015 pursuant to that certain Amendment to Forbearance Agreement dated as of June 30, 2015. A true and correct copy of the Amendment to the Forbearance Agreement is attached hereto as Exhibit H and incorporated herein by this reference.

14. On or about July 31, 2015, Citibank and Borrower entered into that certain Loan Modification and Forbearance Agreement (the "Loan Modification Agreement"), pursuant to which Borrower acknowledged the indebtedness due under the Loan Documents, without defense, offset or counterclaim, and Citibank agreed, on the terms and conditions set forth therein, to extend to June 30, 2016, the date on which all sums due under the Loan Agreement, the Note, and other Loan Documents would be due and payable to Citibank. A true and correct

- 5 -

copy of the Loan Modification is attached hereto as Exhibit I and incorporated herein by this reference.

15.     In connection with Borrower's execution and delivery of the Loan Modification Agreement, Novak and Druce each executed and delivered to Citibank a Reaffirmation and Ratification of Continuing Guaranty (Legacy NDQ Class B Equity Partners) (the "Modification Reaffirmations") dated as of July 31, 2015, pursuant to which they agreed (a) to be bound by the Loan Modification Agreement, and (b) that the terms of the Guaranties remained in full force and effect and were thereby ratified and confirmed.  True and correct copies of the Modification Reaffirmations are attached hereto as Exhibit J and incorporated herein by this reference.

## THE DEFAULTS AND DEMANDS FOR PAYMENT

16.     The Loan Agreement, as amended and modified, provides that it shall be an Event of Default if Borrower "shall dissolve or otherwise discontinue the practice of law."

17.     The Loan Modification Agreement provides that it shall be an Event of Default if Novak or Druce leave Borrower for "any reason other than retirement, disability, government service or death."

18.     On or about March 1, 2016, Borrower advised Citibank that it had ceased operating as a law firm and was winding down its affairs.  Borrower further advised that by virtue of a transaction with Polsinelli PC, the bulk of Borrower's equity partners, including Novak and Druce, had departed Borrower to work for Polsinelli PC.  Each of the foregoing constitutes an Event of Default under the Loan Documents.

19.     By letter dated March 3, 2016, Citibank, among other things, notified Borrower and Guarantors of these defaults and demanded the immediate repayment in full of all sums due under the Loan Documents – then the principal sum of $9,249,998.00, together with accrued

ACTIVE 223664662v.3

interest thereon, any sums due in connection with outstanding letters of credit, and all other sums due under the Loan Documents.

20.     Thereafter, Borrower, a law firm in dissolution, collected certain accounts receivable and other sums due from its clients, and all or a portion of such collections were deposited in a certain blocked deposit account and/or a certain cash concentration account (collectively, the "Accounts") maintained by Borrower at Citibank, which Accounts, and all sums contained therein, had theretofore been pledged by Borrower to Citibank as collateral for repayment of the Loan.

21.     From time to time thereafter, Citibank, in accordance with its rights under the Loan Documents, offset certain sums in the Accounts maintained by Borrower and applied the amount of each such offset in reduction of the indebtedness due thereunder.

22.     By letter dated January 27, 2017 Citibank made reference to its prior offset of funds, and informed and reminded Borrower and Guarantors that the remaining indebtedness, in the principal sum of $3,200,000, together with accrued interest thereon, and all other sums due and owing under the Loan Documents, was due and payable in full.  Citibank also reiterated its demand for the immediate repayment of the indebtedness in full, and notified Borrower and Guarantors that, in the event the outstanding indebtedness was not paid immediately, Citibank would pursue its legal rights and remedies for full recovery of all sums due under the Loan Documents.

23.     By letter dated February 2, 2017 addressed to Guarantors, Citibank reiterated its demand for payment in full by Guarantors, jointly and severally, of the outstanding principal balance due under the Note in the sum of $3,200,000, together with accrued interest thereon, and all other sums due and owing under the Loan Documents.

ACTIVE 223664662v.3

24.     By letter dated July 27, 2017, Citibank, after affording Guarantors ample opportunity to repay the indebtedness, which Guarantors failed to do, reiterated its demand for payment in full by Guarantors, jointly and severally, of the outstanding principal balance due under the Note in the sum of $3,200,000, together with accrued interest thereon, any sums due in connection with the outstanding letters of credit, and all other sums due and owing under the Loan Documents.

25.     Guarantors have failed and refused to pay to Citibank the amounts due and owing under the Guaranties, despite such due demand.

26.     By reason of the foregoing, there is now justly due, owing, and payable to Citibank from Guarantors, jointly and severally, under the terms of the Guaranties, the principal sum of $3,200,000, together with accrued interest thereon, any sums due in connection with the outstanding letters of credit, and all other sums due thereunder (including legal fees and expenses), no part of which has been paid by Guarantors, or anyone claiming under Guarantors, despite due demand by Citibank.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Novak)

27.     Citibank repeats and realleges the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

28.     The Novak Guaranty constitutes a valid, binding, and enforceable contract entered into for valuable consideration.

29.     Pursuant to the terms of the Novak Guaranty, Novak agreed to ensure the punctual payment of the Loan when due, whether at the stated maturity, by acceleration or

- 8 -

otherwise, and is jointly and severally liable for the outstanding indebtedness due under the Loan.

30.     Novak has refused to remit payment of the amounts currently due and owing under the Loan in breach of the Novak Guaranty.

31.     Citibank has performed all of its obligations under the Guaranty and the other Loan Documents.

32.     As a direct and proximate result of Novak's breach of his obligations under the Novak Guaranty, Citibank has suffered damages in an amount to be proven at trial, but exceeding $75,000.

## SECOND CAUSE OF ACTION
### (Breach of Contract against Druce)

33.     Citibank repeats and realleges the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

34.     The Druce Guaranty constitutes a valid, binding, and enforceable contract entered into for valuable consideration.

35.     Pursuant to the terms of the Druce Guaranty, Druce agreed to ensure the punctual payment of the Loan when due, whether at the stated maturity, by acceleration or otherwise, and is jointly and severally liable for the outstanding indebtedness due under the Loan.

36.     Novak has refused to remit payment of the amounts currently due and owing under the Loan in breach of the Druce Guaranty.

37.     Citibank has performed all of its obligations under the Guaranty and the other Loan Documents.

ACTIVE 223664662v.3

38.     As a direct and proximate result of Druce's breach of his obligations under the Druce Guaranty, Citibank has suffered damages in an amount to be proven at trial, but exceeding $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Citibank demands that judgment be entered in its favor and against Novak and Druce, jointly and severally, as follows:

(i)      on the First Cause of Action, for damages in an amount to be proven at trial, together with interest thereon;

(ii)     on the Second Cause of Action, for damages in an amount to be proven at trial, together with interest thereon;.

(iii)    on all Causes of Action, for an award of attorneys' fees and costs of this action; and

(iv)     on all Causes of Action, for such other relief as the Court may deem just and proper.

Dated:   Washington, D.C.
             August 7, 2017

SIDLEY AUSTIN LLP

/s/ Frank R. Volpe

By: _____
Frank R. Volpe (D.C. Bar No. 458791)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.  (202) 736-8000
Fax.  (202) 736-8711
Email:  fvolpe@sidley.com

- and -

Richard S. Fries*
Andrew D. Hart*
Sidley Austin LLP

- 10 -

ACTIVE 223664662v.3

787 Seventh Avenue
New York, New York 10019
Tel.  (212) 839-5300
Fax.  (212) 839-5599
* pro hac vice applications forthcoming

*Attorneys for Citibank, N.A.*

ACTIVE 223664662v.3