UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**CITIBANK, N.A.,**                 )
                                    )
    **Plaintiff,**    )
                                    )
    v.               )    Case No. 17-cv-01593 (APM)
                                    )
**GREGORY NOVAK, et al.,**          )
                                    )
    **Defendants.**   )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Gregory V. Novak and Tracy W. Druce's Motion to Dismiss for Improper Venue And/Or to Transfer Venue Under 28 U.S.C. § 1404 ("Motion"), in which Defendants assert that: (1) this court is not the proper venue to hear Plaintiff Citibank, N.A.'s claims against them; and, in the alternative, (2) transfer to the Southern District of Texas is warranted under 28 U.S.C. § 1404 because it is a more convenient forum than this one. *See* Defs.' Mem. of Law in Support of Defs.' Mot. to Dismiss for Improper Venue And/Or to Transfer Venue under 28 U.S.C. § 1404, ECF No. 13 [hereinafter Defs.' Mem.], at 3–8. For the reasons explained below, Defendants' Motion, which borders on being frivolous, is denied.

I.

Defendants do not dispute that the two loan guaranty agreements that are the subject of this breach-of-contract action contain identical forum-selection clauses that permit Plaintiff to bring suit against them in this District Court. *See* Defs.' Mem. at 2 (noting that the guaranty agreements "includ[ed] . . . forum selection clauses" similar to that in a Loan Modification and Forbearance agreement dated July 21, 2015); *id.* at 4 (arguing that a "post-execution venue

selection clause cannot save venue in the District of Columbia"). Nor could they. The loan guaranty agreements state:

> [Defendants] hereby irrevocably submit[ ] to the jurisdiction of any District of Columbia or Federal court sitting in Washington, D.C., and [Defendants] hereby irrevocably agree[ ] that any Action may be heard and determined in such District of Columbia court or such Federal court.

Compl., ECF No. 1, Ex. C, ECF No. 1-3 [hereinafter Pl.'s Ex. C], at 5; Compl., Ex. D, ECF No. 1-4 [hereinafter Pl.'s Ex. D], at 5. In light of this unambiguous text, there can be little doubt that Defendants, both of whom are sophisticated and experienced lawyers, *see* Pl.'s Mem. in Opp'n., ECF No. 14, Ex. 2, ECF. No. 14-2, at 1–3, agreed to subject themselves to suit in this District Court. Venue therefore is appropriate in this forum. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582–83 (2016).

Defendants' contention that the Supreme Court's decision in *Atlantic Marine* compels dismissal for improper venue wholly misreads that precedent. *Atlantic Marine* does not, as Defendants contend, require that "venue must still be proper under [the federal venue statute, 28 U.S.C.] § 1391(b), irrespective of a forum selection clause." Defs.' Mem. at 3–4. To read *Atlantic Marine* in that way is flatly inconsistent with the Court's admonition that, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not disrupt the parties' settled expectations." *Atl. Marine*, 134 S. Ct. at 583. Defendants' interpretation is also contrary to decades-old Supreme Court precedent holding that courts should "enforce the forum clause specifically unless [the movant] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). And it conflicts with District of Columbia law—selected by the parties to govern the loan agreements—which provides that forum selection clauses

2

"are [now] prima facie valid and [will] be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Yazdani v. Access ATM*, 941 A.2d 429, 431 (D.C. 2008) (alterations in original and citation omitted). Here, the parties mutually agreed that venue would be appropriate in this forum for resolving their disputes. The federal venue statute cannot reasonably be construed, as Defendants argue, to compel a result that directly conflicts with the parties' clear intent.

II.

Nor is a change in venue warranted under the federal venue-transfer statute, 28 U.S.C. § 1404(a). For starters, Defendants have forfeited their right to move for transfer on the ground of inconvenience. The loan guaranty agreements clearly state: "The undersigned hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any Action in any jurisdiction." Pl.'s Ex. C at 5; Pl.'s Ex. D at 5. Thus, Defendants expressly agreed that they would not assert, as they do now, that that this District Court is an inconvenient forum.

Second, because the forum selection clause itself is valid, the only factors that would warrant transfer to the Southern District of Texas relate to the public interest, which the Supreme Court has said may justify transfer only in "unusual cases." *Atl. Marine*, 134 S. Ct. at 582. Nothing about this case makes it unusual. It is a garden-variety breach-of-contract suit. And Defendants have not identified the kind of "rare[]" circumstance, *see id.*, that would warrant overriding the settled terms of the loan guaranty agreements, *cf.* Defs.' Mem. at 8 (asserting that it is in both parties' interests to transfer because it purportedly takes twice as long to go from filing to trial in this District as compared to the Southern District of Texas).

III.

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss for Improper Venue And/Or to Transfer Venue Under 28 U.S.C. § 1404, ECF No. 13, is denied. The hearing on Defendants' Motion scheduled for February 6, 2018, is hereby vacated, and Plaintiff's Motion for Hearing, ECF No. 15, is denied as moot.

Dated: February 1, 2018

Amit P. Mehta
United States District Judge